## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

**DAVID HARPER,**

      **Plaintiff,**

**v.**

**UNITED STATES DEPARTMENT OF THE INTERIOR ET AL.,**

      **Defendants.**

**Case No.: 1:21-00197-CRK**

**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS**

## I.      INTRODUCTION

Before the Court is the United States' motion to dismiss Count II of Plaintiff David Harper's Complaint, which alleges defamation per se against Defendants Michael Nedd and Kevin Graham (the "Individual Defendants").[1]   See Mot. to Dismiss; see also Memo. in Supp. of [Mot. to Dismiss], Dec. 15, 2021, ECF No. 37-1

---

[1] On its face, the motion is brought by the United States, which asserts that it is a defendant in this action.  Def. United States' Mot. to Dismiss Pl.'s Defamation Claim, 1, Dec. 13, 2021, ECF No. 37 ("Mot. to Dismiss").  However, despite the Individual Defendants' filing of certifications pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act") that they were acting within the scope of their employment, no motion for substitution has been filed, no motion to amend the caption has been filed, and no notice of appearance on behalf of the United States has been filed.  Indeed, the only defendants listed on the docket are Nedd, Graham, the U.S. Department of the Interior, and Secretary of the Interior Debra Haaland (collectively, the "Original Defendants"), the latter two of which have been dismissed.  The United States is not a named party to this action.  See 28 U.S.C. § 2679(d)(1) (after certification, the action "shall be deemed" to be against the United States).  Nonetheless, the United States is permitted to make filings.  See Johnson v. Rambo, No. C06-5258 RJB, 2006 WL 2401113, at *1 (W.D. Wash. Aug. 18, 2006) (United States has right to make filings and raise issues with the court prior to substitution).

**MEMORANDUM DECISION AND ORDER - 1**

("Def. Br."). This is the second motion to dismiss in this action, the first of which was brought by the Original Defendants and was granted in part and denied in part.[2] See Opinion and Order Re: Mot. to Dismiss, Nov. 12, 2021, ECF No. 26 ("Opinion"). The Individual Defendants previously moved to dismiss Harper's claim for defamation per se arguing the Federal Tort Claims Act ("FTCA") precludes claims for defamation, but the Court permitted Harper's claim to proceed because the Individual Defendants had not complied with the procedures set forth in the Westfall Act. Opinion at 33–35. The United States now moves to dismiss Count II of the Complaint after the Individual Defendants filed certifications pursuant to the Westfall Act that they were acting within the scope of their employment during the complained of events. See Certification of Acting United States Att'y Rafael M. Gonzalez, Jr., Dec. 8, 2021, ECF No. 33; Certification of Acting United States Att'y Rafael M. Gonzalez, Jr., Dec. 8, 2021, ECF No. 34 (collectively, the "Certifications"). For the following reasons, the Court grants the United States' motion.

## II.    BACKGROUND[3]

The detailed factual background of this case, as alleged in the Complaint, is set forth in the Court's prior Opinion, with which the Court assumes familiarity. See Opinion at 2–8. In summary, Harper worked as a law enforcement ranger for the U.S. Department of the Interior's ("Department") Bureau of Land Management

---

[2] The United States was not a party at the time the first motion to dismiss was filed, so this is the United States' first motion to dismiss and is therefore proper. See Fed. R. Civ. P. 12(g)(2) (a party is not permitted to make a second motion to dismiss that raises a defense that was available to the party but omitted from its earlier motion).
[3] The following facts are taken from the Complaint and are assumed to be true for the purposes of this motion.

**MEMORANDUM DECISION AND ORDER - 2**

("BLM"). Compl., ¶ 13, May 4, 2021, ECF No. 1. The Department's Office of the Inspector General ("OIG") interviewed Harper in connection with an investigation into another BLM employee. Id. ¶ 13. Approximately eight months after the interview, several upper level Department employees, including the Individual Defendants, began the process of removing Harper from his position due to his purported lack of candor in the OIG interview. Id. ¶¶ 15–26. Graham, at the alleged direction of Nedd, drafted the proposal to remove Harper, and then directed the proposing official to adopt the proposal as his own. Id. ¶¶ 15–19, 25–26. After a hearing at which Graham interfered to deny Harper his full allotment of time and prevented Harper's attorney from speaking, a different official decided to suspend Harper for 14 days and permanently reassign him to a non-law-enforcement position. Id. ¶¶ 35, 37–39, 41–42. Harper unsuccessfully pursued various avenues of appeal. Id. ¶¶ 51–84, 104–08.

As part of the Department's investigation of Harper's administrative grievance, the Department prepared a preliminary report, in which the Department concluded that serious procedural violations occurred in the decision to suspend and reassign Harper, and that there had been no basis to conclude that Harper lacked candor during the OIG interview. Id. ¶¶ 85–99. After learning of the preliminary report, Nedd ordered all investigation of Harper's administrative grievance to stop and appointed himself as the deciding official. Id. ¶¶ 65–69. Thereafter, the Department refused to provide Harper with the administrative grievance file, including the preliminary report, and Nedd issued a decision denying the administrative grievance without any mention of the report. Id. ¶¶ 71–84.

**MEMORANDUM DECISION AND ORDER - 3**

Nedd's decision explicitly stated that Harper would be eligible to apply for law enforcement positions in the future.  Id. ¶ 79.  However, Harper applied for and was offered a new law enforcement ranger position in the summer of 2020, but both Graham and Nedd, upon learning of the offer, intervened to have the offer rescinded.  Id. ¶¶ 109–16.  Harper has unsuccessfully tried to obtain other law enforcement positions since that time.  Id. ¶¶ 117–18.

Harper filed his Complaint on May 4, 2021, alleging four claims: (1) violation of his Fifth Amendment right to due process under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971); (2) defamation per se; (3) negligent supervision; and (4) negligent training.  Id. ¶¶ 119–49.  The Original Defendants moved to dismiss the Complaint in its entirety.  Mot. to Dismiss Pl.'s Compl., July 30, 2021, ECF No. 7.  After briefing, the Court dismissed Harper's claims for negligent supervision and negligent training, without prejudice, but denied the motion with respect Counts I and II (Bivens and defamation per se).  Opinion at 37–38.

Since the Court issued its Opinion granting in part and denying in part the first motion to dismiss, the Individual Defendants filed an answer, see ECF No. 36, as well as a notice of appeal with respect to the Court's denial of their motion to dismiss Count I on the grounds of qualified immunity.  See [Individual Defendants'] Notice of Interlocutory Appeal, Jan. 10, 2022, ECF No. 40.  Additionally, the Individual Defendants filed the Certifications, which the United States contends mandate that it be substituted as the sole defendant in this action.  See Certifications; Def. Br. at 5–6.  The United States now moves to dismiss Count II on the grounds

**MEMORANDUM DECISION AND ORDER - 4**

that it has not waived its sovereign immunity under the FTCA for claims of defamation and that Harper failed to exhaust his administrative remedies by presenting the defamation claim to the appropriate agency of the United States prior to commencing this action.  Def. Br. at 5–7; see also Reply to Pl.'s Obj. and Memo. in Resp. to [Mot. to Dismiss], 4–8, Jan. 11, 2022, ECF No. 41 ("Def. Reply").  Harper opposes the motion and challenges the Certifications.  See Pl.'s Obj. and Memo. in Resp. to Defs.' Second Mot. to Dismiss, Dec. 28, 2021, ECF No. 39 ("Pl. Opp.").

## III.   STANDARD OF REVIEW

When challenged, this Court reviews Westfall Act certifications de novo. Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 745 (9th Cir. 1991). Westfall Act certifications constitute prima facie evidence that the federal employees in question were acting within the scope of their employment at the time of an alleged tort.  Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993).  A certification is conclusive unless challenged.  Billings v. United States, 57 F.3d 797, 800 (9th Cir. 1995).  To overcome the Attorney General's certification, a plaintiff challenging a Westfall Act certification must come forward with evidence that the employees were not acting within the scope of their employment according to "principles of respondeat superior of the state in which the alleged tort occurred."  Saleh v. Bush, 848 F.3d 880, 888 (9th Cir. 2017) (quoting Pelletier v. Fed. Home Loan Bank of S.F., 968 F.2d 865, 876 (9th Cir. 1992)).  The challenging party bears the burden of overcoming the certifications by a preponderance of the evidence.  Billings, 57 F.3d at 800.  A plaintiff may be entitled to discovery and/or an evidentiary hearing if the plaintiff's allegations or

other evidence raise a genuine dispute of material fact as to whether the employees were acting within the scope of their employment.  Pelletier, 968 F.2d at 874.

## IV.    DISCUSSION

The United States argues the Certifications require its substitution for the Individual Defendants, thus depriving the Court of subject matter jurisdiction over Plaintiff's defamation claim.  Def. Br. at 5–7.  Harper argues that the Court already determined that Count II was properly asserted against the Individual Defendants, Defendants failed to move for substitution, and the Complaint alleges sufficient facts to warrant discovery and an evidentiary hearing.  Pl. Opp. at 6–10.  Harper further contends discovery may support an amendment of its Complaint to restate his claim for defamation per se as a constitutional violation.  Pl. Opp. at 10–11.

Under the Westfall Act, the United States may substitute itself in place of its employees as the defendant in an action when its employees were acting in the scope of their employment.  28 U.S.C. § 2679(b)–(d).  No other remedy shall be permitted for the acts or omissions of such employees.  Id. § 2679(b).  The Attorney General may certify that a defendant employee was acting within the scope of his employment at the time of the incident out of which the claim arose, thus triggering the Westfall Act's procedures for substituting the United States as the sole defendant.  Id. § 2679(d).  In order to proceed against the United States as a defendant, a plaintiff must identify a waiver of sovereign immunity.  See United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").  The FTCA is one such limited waiver which allows the government to be sued for certain

**MEMORANDUM DECISION AND ORDER - 6**

acts of its employees acting within the scope of their employment. However, the United States has not waived its sovereign immunity to consent to be sued for defamation under the FTCA. 28 U.S.C. § 2680(h). Thus, unless the acts giving rise to a defamation claim fall outside the scope of employment of a government employee, the Court lacks subject matter jurisdiction to decide a defamation claim.

Under Idaho law,[4] an employee acts within the scope of his employment if the conduct (1) is the kind which the employee is employed to perform; (2) "occurs substantially within the authorized limits of time and space," and (3) "is actuated, at least in part, by a purpose to serve the master." Teurlings v. Larson, 320 P.3d 1224, 1233 (Idaho 2014) (quoting Richard J. and Esther E. Wooley Trust v. DeBest Plumbing, Inc., 983 P.2d 834, 838 (Idaho 1999)). If the employee intended to act for the employer's purpose in any way, even partially, then the action will be deemed to be within the scope of employment. See Weeks v. Oswald, No. 1:12-cv-000082-CWD, 2012 WL 3012640, at *3 (D. Idaho July 23, 2012) (citing Podolan v. Idaho Legal Aid Services, Inc., 854 P.2d 280, 288 (Idaho Ct. App. 1993)).

Here, as a threshold matter, Plaintiff incorrectly argues this Court has already ruled that the Individual Defendants acted outside the scope of their employment. Pl. Opp. at 6–8. In its prior Opinion, the Court specifically stated that the issue of whether the Individual Defendants were acting within the scope of their employment was not before the Court. See Opinion at 34–35 ("[N]either Graham nor Nedd asserts

---

[4] The law of the state where the tort occurred applies. Saleh, 848 F.3d at 888 (quoting Pelletier, 968 F.2d at 876). The United States argues that Idaho law applies, and Harper does not make any assertion as to what law applies. See Def. Reply at 4–5; Pl. Opp. at 7–9. The Court applies Idaho law.

**MEMORANDUM DECISION AND ORDER - 7**

that the Attorney General has certified that he was acting within the scope of his employment at the time he allegedly made the defamatory statements. Moreover, neither Graham nor Nedd has petitioned this Court to make that certification"). Although the Court noted that, despite references to the Westfall Act, the Individual Defendants failed to make any argument as to why they were acting within the scope of their employment, and that Harper argued that the Individual Defendants' alleged actions violated multiple regulations and policies, nothing in the Opinion constitutes a ruling that the Individual Defendants were not acting within the scope of their employment. See id. at 35 n.16.

Indeed, the Westfall Act does not permit an employee to petition a district court to certify the employee was acting within the scope of employment in the first instance without the Attorney General first deciding to either certify or not certify. See 28 U.S.C. § 2679(d)(3) ("In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment"); Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 434 (1995) (Attorney General certifications are reviewable by district courts); see also Arthur v. U.S. By & Through Veterans Admin., 45 F.3d 292, 295 (9th Cir. 1995) (describing procedures under Westfall Act). At the time of the first motion to dismiss, the Attorney General had not certified or refused to certify the Individual Defendants' scope of employment. Therefore, the issue could not have been, and was not, before the Court.

**MEMORANDUM DECISION AND ORDER - 8**

The Individual Defendants were permitted to file the Certifications at any time before trial.  See 28 U.S.C. § 2679(d)(2)–(3); Melo v. Hafer, 13 F.3d 736, 747 (3rd Cir. 1994) ("the Attorney General may file a certification under § 2679(d)(1) whenever he or she concludes that an employee defendant was acting within the scope of his or her employment").[5]  Plaintiff's contention that the Individual Defendants should have filed the Certifications earlier is without merit.  See Pl. Opp. at 7–8.

Plaintiff next alludes to Defendants' failure to move for substitution, suggesting that the failure to do so defeats the motion to dismiss.  Id. at 6–8.  The United States does not directly address the issue but argues both in its moving papers and on reply that the Court should substitute the United States for the Individual Defendants.  See Def. Br. at 5–6; Def. Reply at 3, 8.  Although the United States filed a "Motion to Dismiss" and only explicitly seeks dismissal of Count II, the United States first argues to be substituted as the sole defendant on Count II.  Def. Br. at 5–6.  Only after arguing for substitution does the United States reach its arguments for dismissal.  See id. at 6–7.  Therefore, the Court construes the United States' motion as one seeking substitution and dismissal.

The text of the Westfall Act does not explicitly require a motion for substitution.  28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment . . . any civil action or proceeding commenced . . . in a United States district court shall

---

[5] Although 28 U.S.C. § 2679(d)(1) does not explicitly provide a time period to file a certification, the Court sees no reason to apply a different time constraint for subsection (d)(1) than the statute provides under subsections (d)(2) and (d)(3), which permit certifications to be filed at any time before trial.  28 U.S.C. § 2679(d)(1)–(3).

**MEMORANDUM DECISION AND ORDER - 9**

be deemed an action against the United States . . . and the United States shall be substituted as the party defendant").  Although courts interpreting the Westfall Act have read in judicial review of Attorney General certifications and an opportunity for plaintiffs to challenge substitution, the case law is mixed as to the procedure to effect substitution.  Compare Billings, 57 F.3d at 799 (court issued order correcting caption in response to notice of substitution); Saleh v. Bush, Case No. 13-cv-01124-JST, 2014 WL 7240277, at *1 (N.D. Cal. Dec. 19, 2014) (Westfall Act substitution effected via notice of substitution and motion to dismiss), aff'd, 848 F.3d 880 (9th Cir. 2017); Jacobs v. Vrobel, 724 F.3d 217, 220 (D.C. Cir. 2013) (motion to dismiss after filing certification); Bolton v. United States, 946 F.3d 256, 259 (5th Cir. 2019) (stating that upon certification, "the United States was substituted by operation of law as the defendant"); M.J. ex rel. Beebe v. United States, 721 F.3d 1079, 1082 n.2 (9th Cir. 2013) (plaintiff did not challenge certification, but the Ninth Circuit stated as dicta that the United States can "substitute itself" via Westfall Act certification); Aversa v. United States, 99 F.3d 1200, 1208 (1st Cir. 1996) (provisional substitution occurs upon certification); with Pelletier, 968 F.2d at 867 (motion to substitute); Wuterich v. Murtha, 562 F.3d 375, 379 (D.C. Cir. 2009) (same); Smith v. Clinton, 885 F.3d 122, 126 (D.C. Cir. 2018) (same); Schrob v. Catterson, 967 F.2d 929, 930 (3d Cir. 1992) (same); Anthony v. Runyon, 76 F.3d 210, 212 (8th Cir. 1996) (same); Gilbar v. United States, 229 F.3d 1151 (Table), 2000 WL 1206538, at *2 (6th Cir. Aug. 18, 2000) (same); Weeks, 2012 WL 3012640 at *1 (same); Johnson, 2006 WL 2401113, at *1 (holding that motion to substitute is required).  On balance, most courts do not require a

**MEMORANDUM DECISION AND ORDER - 10**

formal motion for substitution, only notice and an opportunity to challenge the certifications.  Therefore, the United States' motion suffices.

Plaintiff identifies no prejudice he suffers from the absence of a formal motion to substitute. Had the United States made a separate motion to substitute itself as the sole defendant, Plaintiff would have had to come forward with evidence and legal argumentation demonstrating that the Individual Defendants acted outside the scope of their employment in order to successfully oppose the motion.  Saleh, 848 F.3d at 888.  Given that the Motion to Dismiss is predicated on the United States being immune from suits sounding in defamation, Plaintiff has the same burden here.  See id.; 28 U.S.C. § 2680(h).  Plaintiff was on notice of the Individual Defendants' invocation of the Westfall Act since December 8, 2021 at the latest, and the United States explicitly argued for both substitution and dismissal in its moving papers.  Def. Br. at 5–7.  Thus, Harper had ample opportunity to investigate and respond to the United States' arguments and make any relevant arguments in support of his position that the Individual Defendants acted outside the scope of their employment. See Norita v. Commonwealth of N. Mar. I. Dep't of Pub. Safety, No. 18-cv-00022, 2019 WL 150875, at *4 (D. N. Mar. I. Jan. 10, 2019) (treating motion to dismiss as motion for substitution where plaintiff had notice and opportunity to be heard).  Indeed, Harper himself explicitly treats the United States' motion as one for substitution and dismissal.  Pl. Opp. at 8 ("this pleading shall serve as objection to the substitution"). Therefore, formalistically denying the present motion on the grounds that the United States must first explicitly move for substitution would only cause needless delay. Although the Defendants could have been more meticulous in the procedure they

**MEMORANDUM DECISION AND ORDER - 11**

followed, the Certifications and the motion to dismiss provided Harper with the required notice and opportunity to object to the substitution of the United States as the sole defendant on Harper's defamation claims.

Harper nevertheless fails to sufficiently address why the Individual Defendants' actions fell outside the scope of their employment under Idaho law. Harper only attacks the third prong of Idaho's <u>respondeat superior</u> test, arguing that the Individual Defendants' allegedly defamatory statements were not made with a purpose to serve the master.  <u>See</u> Pl. Opp. at 8–9.  Harper contends that the Individual Defendants' allegedly defamatory statements were made in violation of multiple federal regulations and BLM policies; however, Harper cites no law supporting the conclusion that actions or statements that allegedly violate an employer's regulations or policies are necessarily outside the scope of employment. <u>See</u> <u>id.</u>  Nor does Harper explain when Idaho law treats employees as acting outside the scope of their employment.  <u>See</u> <u>id.</u> at 6–12.  The law requires more than the bare contention that an alleged action is outside the scope of employment because it violated a regulation or policy.  <u>Nat'l Union Fire Ins. Co. of Pittsburg v. Aerohawk Aviation, Inc.</u>, 258 F. App'x 75, 77–78 (9th Cir. 2007) (applying Idaho law and reversing district court holding that action was outside scope of employment because it violated company policy).[6]

---

[6] The Court does not consider the United States' improper citation to <u>Tucker v. United States</u>, 8 F. App'x 818 (9th Cir. 2001), which this Court and parties appearing before this Court are prohibited from citing.  <u>See</u> CTA9 Rule 36-3(c).

**MEMORANDUM DECISION AND ORDER - 12**

Harper's conclusory argument is insufficient because he does not allege a deviation from the Individual Defendants' duty so clear that the only conclusion that the Court could come to is that the actions were outside the scope of employment.  See Ashby v. Mortimer, Case No. 4:18-cv-00143-DCN, 2020 WL 572718, at *14 (D. Idaho Feb. 5, 2020).  Indeed, Harper alleges conduct that, on its face, appears to be within the scope of employment.  Contra id. (doctor artificially inseminating patients with his own semen instead of a sperm donor's); Torres v. Sugar-Salem Sch. Dist. # 322, Case No. 4:17-cv-00178-DCN, 2019 WL 4784598, at *8 (D. Idaho Sept. 30, 2019) (teacher sexually grooming students); Sester v. Idaho Home Health & Hospice/LHC Grp., LLC, No. 4:12-CV-00444-EJL-REB, 2014 WL 970041, at *9 (D. Idaho Mar. 12, 2014) (sexual harassment of a subordinate).  Harper does not specifically identify the allegedly defamatory statements, but rather generally alludes to discussions between the Individual Defendants and other Department employees.  See Compl. ¶¶ 15–22, 43–50, 76–78, 114–15, 120(l); see also Pl.'s Decl. in Supp. of Opp'n to Defs.' Mot. to Dismiss, ¶¶ 50–55, Sept. 17, 2021, ECF No. 19-1 ("Harper Decl.").[7]  Harper implies the Individual Defendants related the results of BLM's investigation into Harper's statements during the OIG interview in order to deny him opportunities for employment as a law enforcement officer.  Harper alleges these allegedly defamatory statements were made in the context of an investigation into Harper's conduct while

---

[7] The Court considers the Harper Decl., which was submitted in opposition to the first motion to dismiss, as additional factual allegations related to the allegedly defamatory statements.  Nevertheless, nothing in the Harper Decl. is sufficient to meet Harper's burden to raise a genuine dispute as to whether the Individual Defendants were acting within the scope of their employment.

**MEMORANDUM DECISION AND ORDER - 13**

he was a BLM law enforcement officer, employee disciplinary procedures, and the BLM hiring process for a law enforcement position. <u>See</u> Compl. ¶¶ 15–22, 43–50, 76–78, 114–15, 120(l); Harper Decl. ¶¶ 50–55. Thus, it was incumbent upon Harper to come forward with allegations or evidence that the statements were made for purely personal purposes. <u>Weeks</u>, 2012 WL 3012640 at *5–6; <u>see also</u> <u>Davric Me. Corp. v. U. S. Postal Serv.</u>, 238 F.3d 58, 68 (1st Cir. 2001) (analyzing principles of <u>respondeat superior</u> under Maine law which is substantively identical to Idaho law).

Even if the Individual Defendants' statements were false and made in violation of federal regulations or BLM policy as Harper contends, Harper does not allege that there was any personal purpose for such statements. <u>See generally</u> Complaint; Pl. Opp.; Harper Decl. Harper implies that the Individual Defendants had some unknown improper purpose in carrying out their alleged plot to have him removed from his law enforcement position but does not allege any facts that would permit the Court to conclude that the Individual Defendants had a purely personal purpose that drove their alleged actions. Without any theory as to the Individual Defendants' motives, the allegedly defamatory statements cannot be said to have been made purely to serve the Individual Defendants' personal purposes. <u>See</u> <u>Davric</u>, 238 F.2d at 68. Thus, Harper has not met his burden to come forward with evidence refuting the Certifications that the Individual Defendants were acting within the scope of their employment.

Harper also requests discovery and an evidentiary hearing to determine whether the Individual Defendants' actions fell within the scope of their employment. Pl. Opp. at 8–9. However, discovery and an evidentiary hearing would only be

**MEMORANDUM DECISION AND ORDER - 14**

appropriate if there were some dispute regarding the facts material to the Court's determination of whether the Individual Defendants' actions fell within the scope of their employment.  Pelletier, 968 F.2d at 874.  Here, the parties do not identify any disagreement about the relevant facts.  Indeed, the Certifications are explicitly based on the facts alleged in the Complaint.  See Certifications.  In opposition, Harper makes a purely legal argument as to why the Individual Defendants were not acting within the scope of their employment (i.e., the statements violated BLM policy and federal regulations), and does not offer any alternative motivation.  Pl. Opp. at 8–9.  As there are no factual disputes relevant to the scope of employment inquiry, there is no need for any discovery or any evidentiary hearing.  Pelletier, 968 F.2d at 874.

Therefore, the United States is the proper defendant and is substituted in place of the Individual Defendants.  See 28 U.S.C. § 2679.  As the United States is the only defendant on Count II, Harper's defamation claim can only proceed pursuant to the FTCA.  See id. §§ 2672, 2674, 2679, 1346(b).  Because the FTCA excludes defamation from its limited waiver of sovereign immunity, the Court lacks subject matter jurisdiction over Harper's defamation claim.  See id. § 2680(h); Kaiser v. Blue Cross of Cal., 347 F.3d 1107, 1117 (9th Cir. 2003) ("The [FTCA] does not permit suits against the United States for defamation") (internal citations omitted); McLachlan v. Bell, 261 F.3d 908, 912 (9th Cir. 2001) (claims for defamation claim fall within the 28 U.S.C. § 2680(h) exclusion).  Count II is dismissed.[8]

---

[8] The FTCA requires Harper to exhaust his administrative remedies by presenting the claim to the Department prior to commencing suit.  See 28 U.S.C. § 2675.  Harper failed to comply with the requirements of the FTCA, and, moreover, any such attempted compliance would be futile in light of the FTCA's exclusion of defamation

Harper suggests that it may be more appropriate for the Court to view the facts asserted under Count II as constitutional claims and asks for some limited discovery to establish facts "so that the Count can be amended if appropriate."  Pl. Opp. at 10–11 (citing Jefferson v. Harris, 170 F. Supp. 3d 194, 206 (D.D.C. 2016)).  In Jefferson, the plaintiff asserted a claim for violations of his constitutional due process rights, and the defendants moved to dismiss, asserting that plaintiff's constitutional claim was actually a claim for defamation and thus barred by the FTCA.  Jefferson, 170 F. Supp. 3d at 206.  The court declined to dismiss the constitutional claims because it found that the plaintiff had stated a claim for a "reputation plus"[9] violation of constitutional due process.  Id. at 205–06.  Although defamation is one of the elements for a "reputation plus" claim, it is not the sole element, so the Jefferson court refused to dismiss the claim based on the FTCA's intentional tort exclusion.  Id. at 206.

Here, Count II of Harper's Complaint does not allege a "reputation plus" violation of his constitutional due process rights, but rather a claim for defamation per se.[10]  See Compl. ¶¶ 127–35.  Therefore, the situation presented here is unlike

---

claims.  Id. at § 2680(h); see also Opinion at 32–33 (determining that Harper did not comply with 28 U.S.C. § 2675 prior to filing suit).

[9] A "reputation plus" violation of due process is a claim recognized in the D.C. Circuit that requires a plaintiff to allege: 1) "the government's defamation resulted in a harm to some interest beyond reputation," e.g., loss of current government employment, demotion in rank, or reduction in pay; 2) "the government actually stigmatized his or her reputation"; and 3) facts showing the stigma "hampered future employment prospects."  Jefferson, 170 F. Supp. 3d at 205 (internal citations omitted).

[10] Harper did allege violations of his constitutional due process rights under Count I, which the Court did not dismiss.  See Compl. ¶¶ 119–26; Opinion at 18–30.  To the extent that Harper's constitutional claims rely on the Individual Defendants' allegedly defamatory statements, there is no need to treat Count II as a constitutional claim.  However, neither the Complaint nor any of the other papers that Harper has

**MEMORANDUM DECISION AND ORDER - 16**

that in <u>Jefferson</u>.  The United States does not move to dismiss a constitutional due process claim on the grounds that one element of that claim would be excluded by the FTCA had Harper alleged that one element as a separate claim.  Rather, Harper did allege defamation <u>per se</u> as a separate claim, and that claim is excluded by the FTCA. 28 U.S.C. § 2680(h).  Therefore, the Court will not treat Harper's tort claim as a constitutional claim.

Moreover, Harper's request for leave to amend as set forth in his opposition is not properly before the Court.  Given the deadlines set forth in the Case Management Order, <u>see</u> ECF No. 15, and the Ninth Circuit's holding that requests for leave to amend a pleading after a deadline for such amended set forth in a scheduling order has passed are subject to the more stringent requirements of Rule 16(b) of the Federal Rules of Civil Procedure in addition to Rule 15, Harper must make a showing of good cause if he decides to make any such request via a motion to amend.  <u>See</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). Because Harper has not made any such motion, the issue is not before the Court at this time, and the Court declines to rule on the necessity, propriety, or utility of an amended complaint.

Finally, to the extent Harper's opposition constitutes a request for the Court to order discovery, his request is denied as impermissibly vague.  <u>See</u> Pl. Opp. at 11 (requesting "limited discovery to establish the facts of the [Office of Security

---

submitted thus far have characterized Count I as a claim similar to the one in <u>Jefferson</u>.

**MEMORANDUM DECISION AND ORDER - 17**

Operations] determination so that the Count can be amended if appropriate"). Harper hypothesizes that his case could possibly be the opposite of <u>Jefferson</u> in that although he pleaded defamation, perhaps facts could be found showing that he could have pleaded a constitutional violation.  <u>Id.</u> at 10–11.  Although parties are not strictly limited to discovery related to issues raised in the pleadings, <u>see</u> <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978), Harper's theorizing is too speculative to support an order for discovery.

## V.    CONCLUSION

For the foregoing reasons, the United States' motion is granted, and it is

**ORDERED** that the United States is substituted as the sole defendant for Count II of the Complaint in place of Michael Nedd and Kevin Graham; and it is further

**ORDERED** that the United States' motion to dismiss Count II of the Complaint for defamation <u>per se</u> is GRANTED and Count II is dismissed <u>with prejudice</u>.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated:    February 11, 2022
          New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**MEMORANDUM DECISION AND ORDER - 18**